

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

May 7, 1962

Hon. Robert S. Calvert
State Comptroller of
 Public Accounts
Capitol Station
Austin, Texas

Opinion No. WW-1329

Re: Eligibility of a former Texas
Ranger to receive payment of
pension pursuant to the provi-
sions of Senate Bill 53, Acts
of the 56th Legislature, Regu-
lar Session, chapter 283, page
629, codified in Vernon's as
Article 6228e, V.C.S.

Dear Mr. Calvert:

You have requested an opinion concerning the eligibil-
ity of a former Ranger to receive pension benefits under Senate
Bill 53, Acts of the 56th Legislature, Regular Session, chapter
283, page 629, codified in Vernon's as Article 6228e, V.C.S.
Your request reads as follows:

"I am enclosing an application for a Ranger
pension from Harrison Lester Hamer.

"Attached to this application you will find
an affidavit from Mr. Hamer, a letter from W. D.
Cope, Adjutant General, an affidavit from the
Archives Division of the State Library, and a cer-
tificate from the Honorable Homer Garrison, Direc-
tor, Department of Public Safety.

"I wish you would examine the application and
advise me if, in your opinion, Mr. Hamer's appli-
cation for a Ranger's pension can be granted."

In order to be eligible for a pension a former Texas
Ranger is required to have served "as a regular Texas Ranger,
receiving compensation from the State, for an aggregate time of
at least two (2) years prior to September 1, 1947."

Under the facts submitted in your request the former
Ranger involved has furnished an affidavit, the pertinent por-
tions of which read as follows:

". . . I am a former member of the Texas
Ranger Force, having served from October 23rd,
1918 to about January 10th 1920 and from April 1,
1932 to January 18, 1933.

"During my first enlistment with the Force I tendered my resignation as of December 31st. 1919, however as such resignation was not acted on until January 8, 1920, which notification was sent me by mail by W. D. Cope, Adjutant General, I continued to work as a ranger up to the time that I received such letter.  At the time said letter was sent me I was at Snyder, Texas, in active service, continuing to serve in such force.  Such letter was transmitted to me by regular mail and I anticipate that it took at least two days for it to arrive in Snyder from Austin.

"My service in the Ranger force was in excess of two years.

"I am attaching a photo-fax copy of said letter received by me accepting my said resignation, which is made a part of this affidavit."

According to the records of the Texas Department of Public safety the former Ranger involved in your request was employed by the State of Texas as a regular Texas Ranger from October 23, 1918 to December 31, 1919, and from April 1, 1932 to January 18, 1933.  According to the records of the Texas State Library, Records Division, the name of the former Ranger involved in your request did not appear on the payroll voucher for January, 1920.  The letter of W. D. Cope, Adjutant General of the State of Texas, dated January 8, 1920, accepting the resignation of the Ranger involved previously tendered to the Adjutant General, reads as follows:

"I have your letter of December 31st, stating you have forwarded your resignation as a member of the State Ranger Force.

"Under the conditions as stated by you in this letter, I do not feel I would be justified in insisting on your remaining with the Force. For that reason, I am accepting your resignation as of December 31st.

"Your service with the Ranger Force has been perfectly satisfactory to this department, and it is with regret that we are to lose you from the Force.  However, should conditions change and you find you can again accept work on the Force, advise this department and if there is an opening we will be glad to have you return.

"With kindest personal regards and best
wishes for the coming year, I am. . . . "

If the service of the Ranger involved in your request
with the Ranger Force was terminated on December 31, 1919, such
Ranger would have served one year and 363 days, or two days short
of the prerequisite time for eligibility.  On the other hand, if
the Ranger served until January 8, 1920, such Ranger served with
the Ranger Force two years and six days.  According to the record
before us, the Ranger's tender of resignation was not acted upon
until January 8, 1920, and the Ranger did not cease performing
his duties as Ranger until he received notice of the acceptance
of his tendered resignation, to wit, January 10, 1920.

In view of the foregoing facts, which are undisputed in
the record before this office, you are advised that it is our
opinion the Ranger involved served as a member of the Ranger Force
in excess of two years, and is therefore eligible to receive the
pension provided for in Senate Bill 53, Acts of the 56th Legisla-
ture, Regular Session, chapter 283, page 629, codified in Vernon's
as Article 6228e, V.C.S.

## SUMMARY

Where a former Texas Ranger served from April
23, 1918, to January 8, 1920 (the date on which his
resignation of December 31, 1919, was accepted),
and from April 1, 1932, to January 18, 1933, he has
served for an aggregate time of at least two years
prior to September 1, 1947, within the meaning of
Senate Bill 53, Acts of the 56th Legislature, Regu-
lar Session, chapter 283, page 629, codified in
Vernon's as Article 6228e, V.C.S., and is eligible
to receive the pension provided therein.

Yours very truly,

WILL WILSON
Attorney General of Texas

By   *John Reeves*
    John Reeves
    Assistant

JR:wb
APPROVED:
OPINION COMMITTEE

W. V. Geppert, Chairman
Dudley McCalla
Jerry Roberts

Arthur Sandlin
Norman Suarez

REVIEWED FOR THE ATTORNEY GENERAL

BY:   Houghton Brownlee, Jr.